UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOISES BECERRA,<br><br>　　　　　Defendant. | Case No. 23-cv-04767-PCP<br><br>**[PROPOSED]** **ORDER ON HABEAS PETITION \* MODIFIED** |

John Doe, a noncitizen, has been detained at a private immigration detention facility for more than 31 months while his removal proceedings and related legal challenges are progressing. In response to a habeas petition by Mr. Doe, the Court found that his continued detention violates his due process rights because it has become punitive but Mr. Doe has never been accorded the procedural protections the Constitution guarantees before punishment may be imposed. Dkt. No. 53. The Court asked the government to propose two injunctions to remedy this violation, including through conditional release. Upon review of the proposed orders and Mr. Doe's responses, the Court adopts the government's proposed conditional release order with several modifications:

1. By **May 22, 2024**, Petitioner shall propose an individual (the "Sponsor") who shall be responsible for monitoring Petitioner's compliance with this order. The Sponsor shall submit a declaration under penalty of perjury stating that he or she takes responsibility for monitoring Petitioner's compliance with the conditions set by this order. Petitioner shall also identify the address at which he will live (the "Residence"). Petitioner shall file the proposed Sponsor, accompanying declaration, and Residence for the Court's approval.

2. By **May 29, 2024**, Petitioner shall be released from custody at Golden State Annex into the Sponsor's custody. The Sponsor shall immediately transport Petitioner to the Residence.

3. The Sponsor shall immediately notify the Court if Petitioner violates any of the conditions of his release.

4. Petitioner must remain in home detention at the Residence until he is returned to U.S. Immigration and Customs Enforcement (ICE) detention, no longer subject to 8 U.S.C. § 1226(c), or as otherwise ordered by this Court. Petitioner shall not leave the Residence except to obtain medical care, to appear at court proceedings, to meet with his parole officer or comply with conditions of parole, to obey any order by the Department of Homeland Security, or on further order of this Court. Petitioner may leave the Residence to attend any other appointment not listed here only with express and advance ICE approval.

5. Before leaving the Residence, Petitioner shall notify ICE of planned travel, including the destination, date and time, estimated duration, and purpose of his travel. Petitioner shall provide this notice as early as possible but no less than 24 hours in advance.

6. Petitioner must submit to location monitoring as directed by ICE.

7. Petitioner must not violate any federal, state, or local law.

8. Petitioner must not possess any firearm, destructive device, or other dangerous weapon.

9. On June 1, 2024 and the first day of each month thereafter, the Sponsor and Petitioner shall each file a declaration attesting, under penalty of perjury, that Petitioner has not violated any aspect of this order.

10. ICE may re-arrest and re-detain Petitioner if Petitioner violates any condition of release.

11. ICE may petition this Court to reassess the conditions of Petitioner's release if ICE discovers additional information that demonstrates that Petitioner is dangerous or poses a risk of flight.

12. ICE may re-arrest and re-detain Petitioner if ICE has evidence that Petitioner has absconded.

13. ICE may re-arrest and re-detain Petitioner if Petitioner has been arrested by federal, state, or local authorities for new criminal conduct.

14. Nothing in this order limits ICE's authority to detain Petitioner under 8 U.S.C. § 1231(a)(2), (6) for removal from the United States upon a final order of removal.

**IT IS SO ORDERED.**

Dated: May 15, 2024

_____
P. Casey Pitts
United States District Judge